**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL WALKER,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00231-JSM-PRL**

**ZION DEBT HOLDINGS, LLC,**

**Defendant,**

**_________________________________/**

**ORDER**

Pending before the Court is Plaintiff's motion for entry of a clerk's default against Defendant Zion Debt Holdings, LLC. (Doc. 18). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Rule 4(h) of the Federal Rules of Civil Procedure allows a plaintiff to effect service on a corporation, partnership, or association in any judicial district of the United States by either (1) following the law regarding service of a summons of the state in which the district court is

located or where service is made; or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and –if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. As this Court is in Florida and service was "effected" in Utah, Plaintiff must show that service was sufficient under federal, Florida or Utah law. In Florida and Utah, service on a limited liability company is made by service on its registered agent, and if the registered agent cannot be served, the statutes provide alternative methods of service. *See* Fla. Stat. § 48.062 (2), (3); Utah Code 16-17-301 (repealed 10/1/2026).

According to the return of service filed by Plaintiff, the summons was served on Brayden Jacobs "who is designated by law to accept service of process on behalf of Zion Debt Holdings, LLC at 299 E. 950 S., Orem, UT 84058." (Doc. 18-1). However, based on a review of the Utah Division of Corporations and Commercial Code website,[1] Brayden Jacobs is not listed as a registered agent, nor is he otherwise listed on any filing by the LLC. Without further information about Mr. Jacobs (and his purported qualifications to accept service of process), the Court cannot determine whether Defendant was properly served. It is also worth noting, that the Utah records reflect that the proper name of the entity is "Zions Debt Holdings, LLC," and not "Zion Debt Holdings, LLC" as named by Plaintiff.

Accordingly, because Plaintiff has failed to establish that he properly served Defendant Zion Debt Holdings, LLC under federal, Florida or Utah law, the instant motion (Doc. 18) is due to be **denied.**

---

[1] https://businessregistration.utah.gov/EntitySearch/OnlineEntitySearch

DONE and ORDERED in Ocala, Florida on July 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party